**SABINO & SABINO, P.C.**
ATTORNEYS AT LAW
92 Willis Avenue, 2nd Floor
Mineola, New York 11501
516-294-3199
Fax: 516-747-9405
E-mail: Anthony.Sabino@sabinolaw.com
www.sabinolaw.com

ANTHONY MICHAEL SABINO
MARY JANE C. SABINO (1957-2006)

ADMITTED IN NEW YORK
PENNSYLVANIA
AND THE UNITED STATES
SUPREME COURT

1 February 2023

**VIA ECF AND EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Court for the
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re: Look Above LLC v. PPE Solutions Group, LLC
22-cv-03418 (ALC) (KHP) (S.D.N.Y.)

Your Honor:

Respectfully, we are the attorneys for the Plaintiff Look Above LLC ("Look Above") in the above captioned action against the Defendant PPE Solutions Group, LLC ("PPE"). The instant writing constitutes Look Above's required Pre-Motion Conference letter, submitted pursuant to this honorable Court's Individual Rule 2.A.

Look Above respectfully seeks permission to move this honorable Court for **an order enforcing the settlement reached herein, precisely, compelling PPE to make the first installment payment, which was due 15 January 2023, yet remains unpaid.**

The relevant facts are remarkably brief, and the controlling law incontrovertible.

The parties entered into a settlement agreement on or about 26 September 2022, calling for the gross settlement amount of Sixty-Five Thousand Dollars to be paid by PPE in monthly installment of Five Thousand Dollars each, commencing 15 January 2023. Attached separately at Exhibit "A" are the relevant provisos: the agreed-to settlement amount, the payment schedule, and the clause vesting jurisdiction in this Court to enforce the settlement. Since the settlement has a confidentiality clause, out of an abundance of caution we have attached only the portions of the document directly on point, but would gladly provide the Court with the complete document, if so directed.

Moreover, in "so ordering" Look Above's voluntary dismissal of the action, this honorable Court "retain[ed] full and complete jurisdiction over the enforcement of the instant Settlement Agreement." See ECF No. 19 (5 October 2022).

1

As for the facts, PPE *knew* it had well over three months to arrange its affairs, and postmark the first installment payment no later than 15 January 2023. On 9 January 2023, the undersigned respectfully reminded PPE's counsel that the required payment was due the next week. PPE's counsel responded that she would "pass it along" to her client. When payment was not made, the undersigned reminded PPE's counsel of her client's obligations, via email dated 20 January. These brief emails are attached separately at Exhibit "B."

On 23 January, PPE's counsel telephoned the undersigned. In the brief conversation which followed, PPE's counsel stated that PPE had no money, and was looking to close a refinancing on or about Thursday or Friday, 26 or 27 January. The undersigned respectfully asked PPE's counsel to put that into writing. PPE's counsel never did so. Nothing further has been heard from PPE, and the payment has most certainly not been made.

As averred above, the law pertinent to this matter is both irrefutable and long standing. Over a century ago, the Supreme Court declared that inherent in every court of justice is the equitable power to, for as long as the court retains control over the subject-matter and over the parties, to correct any wrongs done by virtue of its process. Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co., 249 U.S. 134, 146 (1919). See also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984) (quotation omitted) (courts of law are imbued with inherent equitable powers over their own processes, to prevent abuses, and injustices), cited by Hunt v. Enzo Biochem, Inc., 904 F.Supp.2d 337, 343 (S.D.N.Y. 2012) (Scheindlin, J.). See also Hunt at 344 ("[c]ourts have inherent powers to enforce their orders" and "correct wrongs") (footnote omitted).

The Court's retention of control over both the subject matter and the parties is beyond question, in light of the terms of the settlement agreement, and the "so ordered" voluntary dismissal. See infra.

The instant settlement agreement is the functional equivalent of a consent decree or a court order, as it embodies the parties' compromise, reached in order to save costs and eliminate risk. See Equal Employment Opportunity Commission v. Local 40, 76 F.3d 76, 79 (2d Cir. 1996) (Parker, J.). Precisely as with a consent decree, this defendant benefitted by the termination of the instant litigation; it cannot now be permitted to ignore the affirmative obligations imposed by the accord which it freely entered into. Berger v. Heckler, 771 F.2d 1556, 1568 (2d Cir. 1985) (citation omitted). Furthermore, this honorable Court has an affirmative duty to protect the compromise reached under its auspices. Id. at 1568.

While the terms of the instant settlement are self-evident and beyond peradventure, we note that, like a consent decree, this agreement must be interpreted according to principles of contract law, E.E.O.C., supra, 76 F.3d at 79, citing U.S. v. ITT Continental Baking Co., 420 U.S. 223, 238 (1975), and PPE's obligations determined by the accord's unambiguous language. E.E.O.C. at 80, citing and quoting U.S. v. Armour & Co., 402 U.S. 673, 682 (1971) (a consent decree is interpreted as a contract, and its meaning discerned from within its four corners).

Accordingly, Look Above seeks nothing more than an appropriate order from this honorable Court enforcing the settlement agreement, to wit and at this time, ordering PPE to immediately tender the now overdue 15 January 2023 payment.

With the Court's indulgence, the undersigned respectfully proffers the following two suggestions, each intended to expeditiously resolve the instant matter with a minimal expenditure of precious judicial resources.

First, given that the pertinent facts and law in this matter are so apparent and beyond refute, Look Above sees no efficacy in scheduling any kind of oral argument. Rather, Look Above suggests this matter can easily be resolved on pleadings alone.

Second, and on the very point of pleadings, Look Above wishes to avoid burdening the Court with unnecessary paperwork. In truth, there is little to be said beyond what is already stated in this Pre-Motion letter. Therefore, Look Above would be more than satisfied if the Court deemed the instant Pre-Motion Letter as a sufficient articulation of the problem, and the relief requested.

In closing, Look Above seeks nothing more than enforcement of the terms of the settlement agreement. Look Above therefore seeks permission to move this honorable Court for the entry of an appropriate order enforcing the settlement, specifically, compelling PPE to remit the 15 January 2023 installment payment immediately, and such other relief as the Court might think just and proper under the circumstances.

This is Look Above's first request for the relief stated herein above. With thanks, I respectfully remain,

Very truly yours,

Anthony Michael Sabino
For Plaintiff Look Above

cc: Kerry Brainard Verdi, Esq.
    For Defendant PPE (via ECF and email)
RC, CC (Look Above)