**SABINO & SABINO, P.C.**
ATTORNEYS AT LAW
92 Willis Avenue, 2nd Floor
Mineola, New York 11501
516-294-3199
Fax: 516-747-9405
E-mail: Anthony.Sabino@sabinolaw.com
www.sabinolaw.com

ANTHONY MICHAEL SABINO
MARY JANE C. SABINO (1957-2006)

ADMITTED IN NEW YORK
PENNSYLVANIA
AND THE UNITED STATES
SUPREME COURT

18 October 2023

**VIA ECF AND EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Court for the
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

        Re: Look Above LLC v. PPE Solutions Group, LLC
        <u>22-cv-03418 (ALC) (KHP) (S.D.N.Y.)</u>

Your Honor:

    Respectfully, we are the attorneys for the Plaintiff Look Above LLC ("Look Above") in the above captioned action against the Defendant PPE Solutions Group, LLC ("PPE"). The instant writing constitutes Look Above's required Pre-Motion Conference letter, submitted pursuant to this honorable Court's Individual Rule 2.A.

    Look Above respectfully seeks permission to move this honorable Court for **an order enforcing the settlement reached herein, precisely, compelling PPE to make the 15 September 2023 and 15 October 2023 installment payments, both of which remain unpaid as of the date above, and such other and further relief as the Court deems just and proper, under the circumstances.**

    Look Above respectfully incorporates herein by reference and in full the facts and legal arguments made it its First Pre-Motion Conference letter to this honorable Court, dated 1 February 2023, and docketed as ECF No. 20, and its Second Pre-Motion Conference letter, dated 6 March 2023, and docketed as ECF No. 22. In order to not waste the Court's valuable time, Look Above updates the pertinent facts, as follows.

    As of the date of this letter, PPE has failed to make the two (2) installment payments scheduled for 15 September and 15 October of this year.

    The undersigned made diligent and polite inquiry of PPE's counsel. These brief emails are attached separately at Exhibit "A." The undersigned has heard nothing else from PPE's counsel as of this time.

    Before proceeding, Look Above wishes to make it crystal clear that it holds opposing counsel blameless in this matter. Attorney Verdi has comported herself with dignity and

1

professionalism throughout this proceeding. The undersigned believes it worth noting that, in her 29 September 2023 email, Attorney Verdi was merely passing along PPE's statement, verbatim.

With regard to said 29 September email, PPE's position is simply lacking in credibility and legal foundation. First, we have nothing more than vague assertions about PPE's purported financial constraints. PPE offers no reliable information substantiating that bare claim.

Second, and more importantly, it would make no difference if PPE is, in fact, undergoing financial difficulties. The obligation to make installments payments pursuant to the relevant settlement agreement is exceedingly plain. It is in no way contingent upon PPE's access to capital. The accord has no mechanism for forbearance or granting extensions of time for reason of supposed financial distress (and deliberately so, the undersigned respectfully adds).

In short, PPE's excuses simply cannot overcome the irrefutable fact that the settlement agreement unconditionally obligates PPE to pay, and pay on time.

PPE's allegations of its financial problems (if they indeed exist) ignores the fact that Look Above's financial status is injured as long as PPE fails to pay the lawful debt it owes to Look Above. The undersigned wishes to respectfully bring to the Court's attention the fact that Look Above is a quintessential small business, owned and operated by a married couple. Every time PPE delays payment, Look Above suffers harm.

To be completely fair to PPE, the undersigned readily informs the Court that PPE did make its 15 July and 15 August 2023 payments on time (more or less). Yet that fact speaks to Look Above's genuine concern that, as we approach to the scheduled fulfillment of the instant settlement in early 2024, PPE will return to a pattern of recalcitrance and delay in tendering payment, as was evident at an earlier stage of this proceeding.

In sum, the relevant settlement accord calls for timely payment, plain and simple. It is certainly not based upon an ability or, in this case, a purported inability to pay. PPE's assertions simply cannot defeat nor diminish those plain facts.

Look Above regrets having to take up this honorable Court's time *again* with so simple a matter, and therefore respectfully suggests that there is no need for oral argument or further briefing, as this matter can be easily resolved solely on the pleadings. Look Above therefore respectfully requests that this honorable Court accept the instant letter as its motion, and thereby conserve precious judicial resources.

Accordingly, Look Above seeks an appropriate order from this honorable Court enforcing the settlement agreement, to wit and at this time, by ordering PPE to immediately tender the now overdue 15 September 2023 and 15 October 2023 payments.

In closing, Look Above seeks the enforcement of the terms of the settlement agreement, and therefore requests permission to move this honorable Court for the entry of an appropriate order enforcing the settlement, specifically, compelling PPE to remit the 15 September 2023 and

15 October 2023 installment payments immediately, and such other relief as the Court might think just and proper, under the circumstances.

      This is Look Above's first request for relief specifically with regard to the unpaid 15 September 2023 and 15 October 2023 installments. Look Above acknowledges that it did request similar relief with regard to past late payments, docketed as ECF No. 20 and 22, as discussed herein above, and also ECF No. 25, pertaining to the then-overdue 15 May 2023 payment.

      With thanks, I respectfully remain,

Very truly yours,

Anthony Michael Sabino
For Plaintiff Look Above

cc: Kerry Brainard Verdi, Esq.
    For Defendant PPE (via ECF and email)
RC, CC (Look Above)